UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CATHY HUNSBERGER,

                    Plaintiff,

-vs-                                                    Case No.  8:14-cv-1100-FtM-DNF

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

                    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Cathy Hunsberger, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for Disability and Disability Insurance Benefits and Supplemental Security Income[2]. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Because the disability definitions for DIB and SSI are identical, cases under one statute are persuasive as to the other.  *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *McCruter v. Bowen*, 791 F.2d 1544, 1545 n.2 (11th Cir. 1986).

# I. Social Security Act Eligibility, Procedural History, Standard of Review, and ALJ's Findings

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

## A. Procedural History

On June 5, 2011, Plaintiff filed an application for a period of disability and Disability Insurance Benefits, alleging a disability onset date of September 22, 2008. (Tr. 144).  Plaintiff also filed an application for Supplemental Security Income on January 25, 2011, alleging a disability onset date of September 22, 2008. (Tr. 146).  Plaintiff's request for benefits was denied on April 25, 2011, and upon reconsideration on June 2, 2011. (Tr. 66-69).  An administrative hearing was held before Administrative Law Judge B.T. Amos (the "ALJ") on December 11, 2012. (Tr. 43-65).  On January 10, 2013, the ALJ rendered his decision, in which he determined that Plaintiff has not been under a disability as defined by the Social Security Act from September 22, 2008, through the date of the decision.  Plaintiff's Request for Review was denied by the Appeals Council on March 11, 2014. (Tr. 1-3).

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is

supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful empoyment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform his past relevant work, then he will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after the Commissioner meets this burden does the burden shift back to Claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.      The ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2011.  (Tr. 22).  At step two, the ALJ determined that Plaintiff has the severe impairment of cervical and lumbar degenerative disc disease. (Tr. 22).  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to step four, the ALJ considered Plaintiff's entire medical record and found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (Tr. 26).  Based on this RFC, the ALJ found at step four that Plaintiff could return to her past relevant work as an accounts receivable/payable clerk, as this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 29).  As the ALJ found that Plaintiff could return to her past relevant work, he did not proceed to step five.  The ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act from September 22, 2008 through the date of the ALJ's decision. (Tr. 30).

### II.      Analysis

Plaintiff presents a single issue on appeal: whether the ALJ erred in finding that Plaintiff had past relevant work as an accounts receivable/payable clerk. (Doc. 28 p. 5).  In his opinion, the ALJ discussed Plaintiff's previous work as an accounts receivable/payable clerk as follows:

> The claimant reported on her Work History Report that she performed the duties of an accounts receivable/payable clerk from July 1999 through January 2001.  She described that her job required lifting no more than 10 pounds and sitting for approximately four hours total in an eight-hour workday.  She indicated that her job did not require walking, standing,

climbing, kneeling, crawling, or handling, grasping, and grabbing large objects.  She denied supervising other individuals.

(Tr. 29).  The ALJ found that "in comparing [Plaintiff's] residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. (Tr. 29).  Based on this step four finding, the ALJ determined that Plaintiff was not disabled.

Plaintiff argues that she did not perform the work as an accounts receivable/payable clerk at the substantial gainful activity level and, therefore, such work could not be considered past relevant work. (Doc. 28 p. 5).  Specifically, Plaintiff contends that the ALJ failed to note that Plaintiff only performed the work of accounts receivable/payable clerk 12 hours per week at the hourly rate of $8.25 per hour, and that her earnings were well below the presumptive substantial gainful activity level. (Doc. 28 p. 7).  Plaintiff provides that her earnings as an accounts receivable/payable clerk with Sun State Forklift, Inc. were only $2,439.38 in 1999, $3,515.50 in 2000, and $85.00 in 2001. (Doc. 28 p. 7).

Defendant responds that substantial evidence supports the ALJ's finding that Plaintiff had past relevant work as an accounts receivable/payable clerk. (Doc. 29 p. 3-8).  Defendant argues that work as an accounts receivable/payable clerk constitutes substantial gainful activity because it required her to do significant physical and mental activities and because Plaintiff performed the work for profit. (Doc. 29 p. 5-7).  Defendant contends that Plaintiff failed to carry her burden of proving that her work as an accounts receivable/payable clerk was not substantial gainful activity. (Doc. 29 p. 7).

It is the claimant's burden to prove that she is unable to perform her previous work. *Barnes v. Sullivan*, 932 F.3d 1356, 1359 (11th Cir. 1991) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990); *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988); *Jones v. Bowen*, 810

F.2d 1001, 1005 (11th Cir. 1986)).  "Past relevant work is work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [a claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1).  To constitute "substantial gainful activity," the work activity must be both substantial and gainful. 20 C.F.R. § 404.1572.  Work activity is "substantial" if it "involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a).  Work activity is "gainful" if a claimant performs the activity for pay or profit.  20 C.F.R. § 404.1572(b).

In this case, there is no question that Plaintiff's previous work as an accounts receivable/payable clerk involved significant physical or mental activities and was performed for profit.  According to the work history report, as an accounts receivable/payable clerk, Plaintiff handled accounts receivable and payable; prepared invoices; performed officer work; used machines, tools, and equipment; used technical knowledge and skills; completed reports; sat 4 hours per day; stooped, crouched, reached, and wrote, typed or handled small objects; and lifted up to 10 pounds. (Tr. 181).  Plaintiff performed this work for pay at the rate of $8.25 per hour. (Tr. 181).  Plaintiff reported that she worked 4 hours per day, 3 days a week. (Tr. 181).  She performed such work from July 1999 to January 2001. (Tr. 177).

Plaintiff apparently acknowledges that her work as an accounts receivable/payable clerk was "substantial" and "gainful" as those terms are defined by 20 C.F.R. § 404.1572, as she does not challenge the ALJ's opinion on such grounds.  Instead, Plaintiff contends that her previous work as an account receivable/payable clerk is not substantial gainful activity because her earnings were well below the amount necessary to establish a presumption of substantial gainful activity. (Doc. 28 p. 7).

Generally, if a claimant has worked for substantial earnings, then it will be found that the claimant is able to do substantial gainful activity. 20 C.F.R §§ 404.1574(a)(1), 416.974(a)(1).  The

regulations provide that earnings "will ordinarily show" substantial gainful activity  when the claimant's monthly earnings averaged more than $700 between July 1999 through December 2000, and, beginning January 1, 2001, more than the previous year or the average monthly earnings were more than $700, adjusted for changes in the national average wage index. 20 C.F.R. § 404.1574(b)(2); *McCrea v. Astrue*, 407 F. App'x 394, 396 (11th Cir. 2011).  If the claimant's earnings are less than the amount necessary to establish a presumption of substantial gainful activity, the Commissioner "will generally consider . . . that [the claimant has] not engaged in substantial gainful activity." 20 C.F.R. §§ 404.1574(b)(3)(i) and 416.974(b)(3)(i).  Although earnings below the threshold amount ordinarily show that an employee has not engaged in substantial gainful activity, the fact that earnings are below the guidelines is not dispositive. *Cook v. Astrue*, 2012 WL 4356261, at *4 (M.D. Fla. 2012) (citing *Pickner v. Sullivan*, 985 F.2d 401, 403 (8th Cir. 1993)).

Here, although Plaintiff's earnings from her work as an accounts receivable/payable clerk are below the threshold amount described in 20 C.F.R. § 404.1574(b)(2), the Court finds that the ALJ's did not err in determining that such work constituted substantial gainful activity.  Notably, this is not a case where Plaintiff's ability to work the job of accounts receivable/payable clerk was limited by her physical ability to perform such work.  Plaintiff's work history report shows that from April 2000 to October 2001, Plaintiff worked 40 hours a week at a rate of pay of $11.00 per hour as an assistant to a chief financial officer. (Tr. 177,180).  Thus, the record shows that for a period of time while Plaintiff was working as an accounts receivable/payable clerk, she was concurrently working full-time as an assistant to a chief financial officer.  Plaintiff's earnings as an accounts receivable/payable clerk were limited by the part-time nature of the work and by her decision to concurrently perform full-time work, not by her ability to do significant physical or

mental activities. Under these circumstances, the Court finds that it was not erroneous for the ALJ to find that Plaintiff's work as an accounts receivable/payable clerk was past relevant work. *See Reeder v. Apfel*, 214 F.3d 984, 989 (8th Cir. 2000) (noting that a claimant's "low earnings are more the result of her choice to work only seasonally than an indicator of a physical or mental inability to work the entire year"); *Fuentes v. Colvin*, 2015 WL 631969, at *10 (W.D. N.Y. Feb. 13, 2015) (finding that ALJ's determination that claimant's previous work was substantial gainful activity "especially considering that [the claimant's] earning records reveal that he had multiple jobs . . .suggesting that he was employed as n office cleaner on a part-time basis because it was not his primary employment") (citing *Nishke v. Astrue*, 878 F.Supp.2d 958, 987 (E.D. Mo. 2012) (evidence showed that "plaintiff's low earnings in the cited jobs were more likely the result of her choice regarding her work schedule than an indication of a mental inability perform the jobs at the presumptive substantial gainful activity level"); *Hearod v. Astrue*, 2011 WL 3648269, at *14 (E.D. Mo. July 29, 2011) (finding that the claimant's "low earnings appear to be more the result of her choice to obtain work through a temporary agency, rather than an indication of a physical or mental inability to perform the work throughout the year")). Plaintiff has failed to carry her burden of establishing that she cannot return to her past relevant work. For these reasons, the Court will not disturb the ALJ's step four finding on appeal.

## III. Conclusion

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 18, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties